UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRACE F. ADERINTO, | NO.   CV-09-0373-JLQ |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| BARRACK HUSSEIN OBAMA, et al., | |
| Defendants. | |

Plaintiff, a pro se litigant proceeding in forma pauperis, file a *pro se* Complaint on December 15, 2009 and an Amended Complaint on January 15, 2010.

The court is required to screen complaints brought by litigants proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Under the screening procedures of § 1915(e)(2):

[T]he court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or

(B) the action or appeal-

 (i) is frivolous or malicious;

 (ii) fails to state a claim on which relief may be granted; or

 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

ORDER - 1

The court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) ( per curiam ).  A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

Plaintiff names as Defendants President Barrack Obama, the U.S. Department of Defense, Department of Justice, Department of Treasury and the White House.  Plaintiff has filed over 150 pages of complaints, motions, and additional attachments.  Plaintiff asserts she was injected with telemetry fluid through an involuntary flu shot while serving in the Army, and further claims that since then her thoughts have been surveilled.  She alleges the surveillance has resulted in the deprivation of her "right to live a decent life, maintain a decent job, be secured in my private life..." by conspiring parties such as the U.S. Government, employers, schools, individuals and corporations such as AT&T.  Ct. Rec. 4 at 5-6.  She claims the telemetry fluid causes her to be like a "human computer."

The allegations fail to comply with Fed.R.Civ.P. 8(a), requiring a short and plain statement showing that the pleader is entitled to relief.  However, the deficiencies go beyond the failure to comply with the rules and can not be cured by amendment. *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").  Plaintiff's Complaint and Amended

ORDER - 2

Complaint are comprised of factually frivolous allegations and do not allege any legal basis under which Plaintiff is entitled to relief. The court notes Plaintiff has another cause of action pending in this district, and has made nearly identical claims in at least one other court, including the District of South Carolina, *see Aderinto v. Clinton,* 2008 WL 2415863 (D.S.C. 2008)(unreported), which similarly disposed of the Plaintiff's claim upon screening. The court warns Plaintiff that a litigant who burdens a federal court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *O'Loughlin v. Doe*, 920 F.2d 614 (9th Cir. 1990).

Pursuant to 28 U.S.C. § 1915(e)(2) the court must dismiss the entirety of Plaintiff's Complaint because it is frivolous, fails to state a claim upon which relief can be granted, and seeks relief from defendants who are immune from such relief. It is clear to the court that no amendment could cure the Complaint and Amended Complaint's defects. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en banc).

Accordingly, the Plaintiff's Complaint (Ct. Rec. 4) and Amended Complaint (Ct. Rec. 10) and the claims therein asserted by the Plaintiff are **DISMISSED** with prejudice and without leave to amend.

**IT IS SO ORDERED**. The Clerk of this court shall enter this Order, enter judgment of dismissal as provided herein, forward copies to Plaintiff, and **CLOSE THE FILE**.

**DATED** this 9th day of February, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE